UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; AMAZEMENT MUSIC; PEERMUSIC III LTD.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; BOY MEETS GIRL MUSIC; EMI BLACKWOOD MUSIC; SONG A TRON MUSIC; UNIVERSAL MUSIC-Z TUNES LLC d/b/a UNIVERSAL MUSIC Z SONGS, <br><br> Plaintiffs, <br><br> v. <br><br> ACTIVE PARK, LLC d/b/a PROSPECT PARK SPORTSBAR; and ROB WRIGHT, individually, <br><br> Defendants. | CIVIL ACTION NO.: 16-275 |

## ORIGINAL COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3.  Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing

361770.1

under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Amazement Music is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Peermusic III, LTD is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Boy Meets Girl Music is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Song A Tron Music is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Universal Music-Z Tunes is a limited liability corporation doing business as Universal Music Z Songs. This Plaintiff is the copyright owner of at least one of the songs in this

361770.1

2

matter.

12. Defendant Active Park, LLC is a limited liability company organized and existing under the laws of the state of Texas, which operates, maintains and controls an establishment known as Prospect Park Sportsbar located at 3100 Fountain View Drive, Houston, Texas 77057-6202, in this district (the "Establishment").

13. In connection with the operation of the Establishment, Defendant Active Park LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14. Defendant Active Park, LLC has a direct financial interest in the Establishment.

15. Defendant Rob Wright is the manager and director of Defendant Active Park, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

16. Defendant Rob Wright has the right and ability to supervise the activities of Active Park, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

17. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 26.

18. Since January 2014, BMI has reached out to Defendants over fifty (50) times, by phone, in-person visits, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of

BMI-licensed music in the Establishment.

19.     Plaintiffs allege ten (10) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

20.     Attached to this Complaint as Exhibit "1" (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the ten (10) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

22.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights

361770.1

4

Certificates of Registration bearing the number(s) listed on Line 6.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

25. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: September 30, 2016

By: /s/ David Le Blanc
**David Le Blanc**
Attorney-In-Charge
Greer, Herz, & Adams, L.L.P.
State Bar No. 00791090
S.D. Tex. Bar. No. 20097
2525 South Shore Boulevard, Suite 203
League City, Texas 77573
(409)797-3200 (Telephone)
(409) 766-6424 (Telecopy)
dleblanc@greerherz.com

**J. Scott Andrews**
Greer, Herz, & Adams, L.L.P.
State Bar No. 24064823
S.D. Tex. Bar. No. 1589440
One Moody Plaza, 18th Fl.
Galveston, Texas 77550
(409)797-3200 (Telephone)
(409) 766-6424 (Telecopy)
jandrews@greerherz.com

**Margaret A. Boulware**
Boulware & Valoir
Three Riverway, Suite 950
Houston, TX 77056
Tel: (832)369-7852
Fax: (713)650-6458

**ATTORNEYS FOR PLAINTIFFS**